UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61696

**MICHAEL SCOTT,**

    Plaintiff,

v.

**BRENDA FOREMAN,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation.[1] For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED**.

Because Plaintiff seeks leave to proceed *in forma pauperis* in this matter, the screening provisions of 28 U.S.C. § 1915(e) apply here. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court.

Plaintiff's Complaint is clearly frivolous on its face. Plaintiff purports to bring a due process claim. Liberally construed,[2] Plaintiff attempts to bring a claim under 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted); *see also Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) ("Section 1983 is 'a method for vindicating federal rights elsewhere conferred,' not 'a federalized amalgamation of pre-existing common-law claims.'" (internal citations omitted)). It requires a plaintiff to "identify the specific constitutional right allegedly infringed." *Jones v. Comm'r, Ga. Dep't of Corr.*, 811 F.3d 1288, 1294 (11th Cir. 2016) (quoting *Albright*, 510 U.S. at 271). "To state a claim under 42 U.S.C § 1983, a plaintiff must allege facts showing that the defendant, acting under color of state law, deprived it of a right protected by the Constitution or by a federal statute." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019); *see also Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." (citations omitted)).

Plaintiff's Complaint does not, *and cannot*, plausibly allege that Defendant deprived him of a right protected by the United States Constitution or federal law. Plaintiff alleges that Defendant, the Broward County Clerk of Courts, refuses to tell him why he does not have a court date for a hearing in a state court lawsuit that Plaintiff filed on August 1, 2025 (20 days before

---

[2] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Plaintiff filed the instant action).[3] Plaintiff also alleges that Defendant refuses to tell him why he cannot transfer his case "from small claims to the division that handles 100 million dollar cases." Plaintiff then requests that this Court award him nearly $30 billion so that he can purchase housing and several other items, including actors Chris Hemsworth and Will Smith, and "private security [due] to death threats from The entire Hood of welfare families." Additional absurd and incoherent allegations follow.[4]

Simply stated, it is evident from the face of Plaintiff's Complaint that this action is frivolous. Therefore, this action should be dismissed. Although a district court must ordinarily "give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim," *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023), dismissal without leave to amend is appropriate here given that Plaintiff clearly cannot state a claim upon which relief can be granted.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED**.

---

[3] The Complaint that Plaintiff filed in his state-court lawsuit is attached to the Complaint that Plaintiff filed in this action.

[4] *See, e.g.*, [DE 1] at 2 ("Can the court award the us military's navy marines air force and army permission to take over police stations and FBI agencies to provide security and tactical undercover support since police are afraid to help me outside of buildings [due] to foreign enemies who are trying to stop me with attacks to kill me to aide welfare families and city- state- and federal employees who want (my car vehicle headlighting patent)"); *id.* ("Can you amend all DCFS law and make marriage a main factor for benefits like TANF and AFDC and take away all children and benefits if divorce is a[n] issue and have them jailed in a court or jury picked couples pair until they agree to marry each other or that person is given 2 chances to change spouses every 5 years. This will help fix the dcfs problematic relationship issues that has caused all of the welfare families and city- state- and federal employees who want me dead [due] to Bill Clinton telling them I hate welfare and city state and federal government pensions.").

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[5] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of August 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[5] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.