UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-61696-BLOOM/Strauss

MICHAEL SCOTT,

    Plaintiff,

v.

BRENDA FOREMAN,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Plaintiff Michael Scott's Application to Proceed in District Court Without Prepayment of Fees or Costs ("Application"), ECF No. [3]. The matter was assigned to Magistrate Judge Jared Strauss pursuant to Administrative Order 2025-11. Because Judge Strauss did not possess authority to issue a dispositive order in this case, he issued a Report and Recommendations ("R&R") recommending that Plaintiff's Complaint dismissed with prejudice because Plaintiff's claims are "frivolous." ECF No. [5] at 3.

The Report and Recommendation advised the parties they had "fourteen (14) days from the date of being served with a copy of th[e] Report and Recommendation within which to file written objections, if any, with this Court." *Id.* To date, the parties have not filed objections, nor have they sought additional time to file objections. Nonetheless, the Court has conducted a *de novo* review of Judge Strauss's Report and Recommendation and the record and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Strauss's Report and Recommendation

to be well reasoned and correct. The Court therefore agrees with the analysis and concludes that Plaintiff's Complaint is dismissed with prejudice.[1]

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [5]**, is **ADOPTED**.

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE**.

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk of Court shall **CLOSE** this case.

**DONE and ORDERED** in Chambers in Miami, Florida, on September 11, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

---

[1] Although the general rule is that a *pro se* litigant must have at least one opportunity to amend his or her complaint, that is only where the filing of an amended complaint would not be futile, and a more carefully drafted complaint would still fail to state a claim. *See Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ("[A]bsent a showing of futility or lack of desire to amend, [*pro se* plaintiff] had to be given at least one chance to amend his claims."). Here, Judge Strauss correctly found that leave to amend would be futile.